Sharwline **NICHOLSON,** individually and on behalf of her infant children, and on behalf of all others similarly situated, and J.A. and G.A., infants on behalf of all others similarly situated, Plaintiffs,

v.

Nat **WILLIAMS,** et al., Defendants.

Ekaete Udoh, individually and on behalf of her infant children, and J.A. and G.A., infants on behalf of all others similarly situated, Plaintiffs,

v.

Nicholas Scoppetta, et al., Defendants.

Sharlene Tillett, individually and on behalf of her infant children, and J.A. and G.A., infants on behalf of all others similarly situated, Plaintiffs,

v.

Nicholas Scoppetta, et al., Defendants.

Nos. 00CV2229(JBW), 00CV5155(JBW), 00CV6885(JBW).

United States District Court, E.D. New York.

Dec. 9, 2003.

Carolyn A. Kubitschek, Lansner & Kubitschek, Jill Marie Zuccardy, New York City, Joanne Nancy Sirotkin, Lanser & Kubitschek, Karen Freedman, Monica Drinane, New York City, Christoper S. Weddle, Lanser & Kubitschek, New York City, for Plaintiffs.

Carolyn Michelle Wolpert, Martha Anne Calhoun, Frank Michael Esposito, The City of New York Law Department, Office of Corporation Counsel, William H. Bristow, III, NYS Attorney General, Shawn Kerby, Office of Court Administrator, New York City, for Defendants.

## *MEMORANDUM AND ORDER*

WEINSTEIN, Senior District Judge.

Subclasses A and B move to extend a preliminary injunction requiring changes by defendants in their treatment of abused mothers and their children. Defendants oppose.

After a hearing, the motion is granted, extending the injunction until July 1, 2004, with one exception. The parties may apply for earlier modification, termination, or extension. This Order modifies and supplements the Amended Memorandum, Order and Preliminary Injunction, dated January 3, 2002 ("preliminary injunction"). *See In re Nicholson*, 181 F.Supp.2d 182 (E.D.N.Y.2002). Without this Order, the original preliminary injunction would have terminated automatically on January 31, 2004. *See id.* at 193.

The recent New York State law increasing compensation for appointed attorneys becomes effective on January 1, 2004. *See* New York State Budget Bill A.2106–B/S.1406–B, Part J, § 2 (2003). The provision of the preliminary injunction setting compensation for attorneys in Family Court at $90 an hour can be terminated as of December ·31, 2003 without undue harm to plaintiffs. While ensuring adequate protection of the constitutional rights of plaintiffs, federal courts should intervene in state court procedures and fiscal arrangements as little as possible. Arguably, the compensation provided for appointed attorneys under the new state plan will meet the needs of plaintiffs for adequate legal protection.

The parties, with the aid of the Nicholson Review Committee, have substantially improved their treatment of abused mothers and their children. Further improvements are necessary and practicable.

The preliminary injunction is amended as follows:

The following sentences in Paragraph 13 are excised: "Subject to order of a court, if she cannot afford counsel, counsel shall be appointed and paid an amount that permits effective representation of the mother. Subject to order of a court, and limits on expenditure per case by a court, this compensation shall be $90 an hour for both in-

court and out-of-court time. For any single case, compensation shall not exceed $1,500, subject to order of a court."

Paragraph 15 is superseded by the following: "This preliminary injunction shall automatically terminate on July 1, 2004, subject to further court order."

SO ORDERED.