Sharwline NICHOLSON, individually and on behalf of her infant children, Destinee Barnett and Kendell Coles, infants, and on behalf of all others similarly situated; Destinee Barnett, Kendell Coles, infants; Sharlene Tillett, individually and on behalf of infants Winston Denton and Uganda Gray; Ekaete Udoh, individually and on behalf of her infant children, Edu Udoh, Ima Udoh, Nsikak Udoh and Asuno Udoh; and J.A. and G.A., infants on behalf of all others similarly situated, Plaintiffs–Appellees,

v.

Nicholas SCOPPETTA, individually and as Commissioner of Administration for Children's Services; City of New York; George E. Pataki, as Governor of the State of New York; John E. Johnson; and State of New York, Defendants–Appellants,

Nat Williams, individually and as manager; Bethy Victorin; Denise Degannes; Samuel Halstion; Lisa Clark; Howard Safir; Vivian Lopez, also known as Jane Lopez; Arlene Irizarry; Vincent Stropoli; Brian Martin, also known as James Roe; Jonathan Lippman; Jane Doe, individually and attorney for the Administration for Children's Services; John Doe, individually and as Police Officers; YMSI

Holloway, individually and as Supervisor; Cheryl Constantine, individually and as Supervisor; Nidia Cordero, individually and as Supervisor; Dorabella Delamothe, individually and as Manager; Shakira Panther–Wilbur, individually and as caseworker; Sylvia Parris, individually and as a caseworker for the Administration for Children's Services; Jane Dorabella, individually and as supervisor for the Administration for Children's Services; and John Tai, individually and as supervisor for the Administration for Children's Services, Defendants,

Safe Horizon, Amicus.

Nos. 02–7079(L), 02–7329(CON), 02–7419(CON), 02–7086(CON), 02–7412(CON), 02–7088(CON), 02–7414(CON), 02–7119(CON).

United States Court of Appeals, Second Circuit.

Nov. 30, 2004.

Carolyn A. Kubitschek (David J. Lansner, Joanne N. Sirotkin, Brett S. Ward, on the brief), Lansner & Kubitschek, New York, NY, Jill M. Zuccardy, Christine Fecko, Sanctuary for Families, Center for Battered Women's Legal Services, New York, N.Y. on behalf of Plaintiffs–Appellees Sharwline Nicholson, Sharlene Tillett, Ekaete Udoh, and others similarly situated.

Barrie Goldstein (Monica Drinane, Attorney–in–Charge, Henry Weintraub, Karen Walker Bryce, Judy Waksberg, Betsy Kramer), The Legal Aid Society, Juvenile Rights Division, New York, NY, Karen Freedman, Executive Director, Lawyers for Children, Inc., New York, NY, on behalf of Plaintiffs–Appellees Destinee Barnett, Kendell Coles, Winston Denton, Uganda Gray, Edu Udoh, Ima Udoh, Nsikak Udoh, Asuno Udoh, J.A., and G.A., and all others similarly situated, of counsel.

Alan G. Krams, Assistant Corporation Counsel (Leonard Koemer, Jonathan Pines, Martha Calhoun, Carolyn Wolpert, Krisin M. Helmers), for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York, on behalf of Defendants–Appellants Nicholas Scoppetta and the City of New York, of counsel.

Robert H. Easton, Assistant Solicitor General (Caitlin J. Halligan, Solicitor General, Michael S. Belohlavek, Deputy Solicitor General), for Eliot Spitzer, Attorney General of the State of New York, New York, New York, on behalf of Defendants–Appellants George E. Pataki, John E. Johnson, and the State of New York, of counsel.

Lawrence S. Lustberg, Philip G. Gallagher, Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C., Newark, N.J., Lenora M. Lapidus, Emily J. Martin, Women's Rights Project, American Civil Liberties Union Foundation, New York, NY, on behalf of Amicus Curiae American Civil Liberties Union.

Laura K. Abel, David S. Udell, Brennan Center for Justice, New York, NY, on behalf of Amicus Curiae Brennan Center for Justice.

Susan Lambiase, Marcia Robinson Lowry (Eric Thompson), Children's Rights, New York, NY, Amit Tandon, White & Case, LLP, New York, NY, on behalf of Amici Curiae Children's Rights, Citizens' Committee for Children of New York, Inc., Judge David J. Bazelon Center for Mental Health Law, Juvenile Law Center, Nation-

al Center for Youth Law and Youth Law Center, of counsel.

Yisroel Schulman (Kim Susser), New York Legal Assistance Group, New York, NY, on behalf of Amici Curiae Domestic Violence Report, Greater Upstate Law Project, the Greater Five Towns Young Men's & Young Women's Hebrew Association, In Motion, Kansas Coalition Against Sexual and Domestic Violence, Nassau County Coalition Against Domestic Violence, National Coalition Against Domestic Violence, New York Legal Assistance Group, SAKHI for South Asian Women, and STEPS to End Family Violence, of counsel.

Wilbur McReynolds, Amicus Curiae pro se.

Joanne C. Fray, Law Offices of Joanne C. Fray, Lexington, MA, on behalf of Amicus Curiae National Coalition for Child Protection Reform, Inc.

Fernando R. Laguarda, Noam B. Fischman, M. Elizabeth Gomperz, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., Washington, D.C., on behalf of Amici Curiae National Network to End Domestic Violence and National Network to End Domestic Violence Fund.

Lawrence E. Jacobs (Frank S. Moseley, Zachary S. McGee, Kelli Stenstrom, Michael Farbiarz, Elliot Moskowitz, John Gaffney, on the brief), Davis Polk & Wardwell, New York, NY, Michael Miller, Norman L. Reimer, New York County Lawyers' Association, New York, NY, on behalf of Amicus Curiae New York County Lawyers' Association.

Present: WALKER, Chief Judge, OAKES, and KATZMANN, Circuit Judges.

## AMENDED SUMMARY ORDER

Defendants–Appellants City of New York and the Administration for Children's Services ("ACS"), the City's chief child-welfare administrator, appeal a preliminary injunction issued by the United States District Court for the Eastern District of New York (Weinstein, *J.*). The district court found that the ACS "systematically and repeatedly removed children" from a custodial parent based solely on a finding that the custodial parent was a victim of domestic violence and allowed the child to witness that violence. *In re Nicholson,* 181 F.Supp.2d 182, 184 (E.D.N.Y. 2002). Holding that this practice violated plaintiffs' due process and Fourth Amendment rights, the district court enjoined the defendants-appellants, *inter alia,* from removing or seeking to remove children "solely because the mother is a victim of domestic violence except in cases where the child is in such imminent danger to life or health that he or she must be removed and there is not reasonably sufficient time to obtain a court order." *Id.* at 182, 190–91. Familiarity with the facts and procedural history of this case, as set forth in our decision in *Nicholson v. Scoppetta,* 344 F.3d 154, 158–64 (2d Cir.2003), is assumed.

Having found that the Family Court Act is "fairly susceptible to an interpretation by the New York Court of Appeals that would avoid or significantly alter the substantial constitutional questions presented in this appeal," we certified the following questions to the New York Court of Appeals:

1. Does the definition of a "neglected child" under N.Y. Family Ct. Act § 1012(f), (h) include instances in which the sole allegation of neglect is that the parent or other person legally responsible for the child's care allows the child to witness domestic abuse against the caretaker?

2. Can the injury or possible injury, if any, that results to a child who has witnessed domestic abuse against a

parent or other caretaker constitute a "danger" or "risk" to the child's "life or health," as those terms are defined in the N.Y. Family Court. Act §§ 1022, 1024, 1026–1028?

3. Does the fact that the child witnessed such abuse suffice to demonstrate that "removal is necessary," N.Y. Family Court. Act §§ 1022, 1024, 1027, or that "removal was in the child's best interests," N.Y. Family Ct. Act §§ 1028, 1052(b)(i)(A), or must the child protective agency offer additional, particularized evidence to justify removal?

*Nicholson,* 344 F.3d at 176–77. The New York Court of Appeals accepted certification, *Nicholson v. Scoppetta,* 1 N.Y.3d 538, 807 N.E.2d 283, 775 N.Y.S.2d 233 (N.Y. 2003) (mem.), and has now rendered its decision on the certified questions, *Nicholson v. Scoppetta,* 3 N.Y.3d 357, 787 N.Y.S.2d 196, 820 N.E.2d 84 (2004).

In its opinion, the New York Court of Appeals made clear that a child's exposure to domestic violence against their caretaker is, standing alone, insufficient to constitute "neglect" under New York law. *Nicholson,* 3 N.Y.3d at 359, 787 N.Y.S.2d ——, 820 N.E.2d ——. The New York Court of Appeals also examined whether the emotional harm, if any, suffered by a child exposed to domestic violence might warrant the "trauma of removal," and set forth the calculus for ascertaining when removal is appropriate. The court wrote:

The court must do more than identify the existence of a risk of serious harm. Rather, a court must weigh, in the factu-

al setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal. It must balance that risk against the harm removal might bring, and it must determine factually which course is in the child's best interest.

Additionally, the court must specifically consider whether imminent risk to the child might be eliminated by other means. . . .

*Id.* at 358. Moreover, the decision clarified that this calculus varies depending upon the mechanism used for removal—whether it be by consent, post-petition order, *ex parte* order, or emergency removal without a court order, *id.* at 358—and noted that "it must be a rare circumstance in which the time would be so fleeting and the danger so great that emergency removal would be warranted," *id.* at 358. However, the New York Court of Appeals did not apply their analysis to the trial record at hand. *Id.* at 358 n. 5.

Accordingly, we REMAND this case to the district court for reconsideration in light of the opinion of the New York Court of Appeals.[1]

---

**1.** We note that the district court has already amended that portion of the preliminary injunction that dealt with attorney fees. *See Nicholson v. Williams,* 294 F.Supp.2d 369, 370–71 (E.D.N.Y.2003) (excising attorney fee requirements from the preliminary injunction).